**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BADWEY OIL, INC. ) <br> A Kansas Corporation, ) <br> ) <br>                          Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CONOCOPHILLIPS CO., ) <br> formerly known as PHILLIPS ) <br> PETROLEUM COMPANY, ) <br> ) <br>                         Defendant. ) | Case No. 07-1353-MLB |

## AGREED PROTECTIVE ORDER

The parties to this action, Badwey Oil, Incorporated ("Badwey Oil") and ConocoPhillips Company ("ConocoPhillips") (Badwey Oil and ConocoPhillips are each a "Party," and are collectively, "Parties"), have agreed that entry of the Agreed Protective Order will expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, provide adequate protection for material entitled to be kept confidential, and insure that protection is afforded only to material so entitled. Badwey Oil has brought claims against ConocoPhillips alleging breach of contract based on accounting failures. ConocoPhillips has counterclaimed against Badwey Oil alleging breach of several different contracts based on Badwey Oil's failure and refusal to pay sums owed. The Parties anticipate that discovery may require the disclosure of proprietary, confidential, or trade-secret commercial and business information, including, but not limited to, internal processes and procedures, contracts and agreements, sales and marketing information, and financial and accounting records. The disclosure and/or dissemination of this information would substantially harm one or both Parties.

2

Therefore, in order to facilitate the discovery of such information in this action and in view of the agreement of the Parties regarding discovery as set forth herein, the Court finds that, pursuant to Fed. R. Civ. P. 26(c)(7) and Local Rule 26.2, good cause exists for the issuance of this Agreed Protective Order.  In view thereof, it is hereby ORDERED that the following procedures shall govern documents, testimony, written responses and other information hereafter provided in the course of pretrial discovery, and any information contained therein or derived therefrom (collectively, "Discovery Material"):

1. <u>Confidential Material</u>.  Any Party, and any Third Parties subpoenaed by one of the Parties who agree to be bound by the terms of this Protective Order by signing the Acknowledgement and Agreement Concerning Confidential Information, attached hereto as Exhibit A, may designate any Discovery Material it produces or discloses, or any portion of such Discovery Material, as "Confidential" Discovery Material and it shall only be used in this proceeding or in other litigation between the Parties.  The Confidential designation shall be used for Discovery Material that the designating Party reasonably believes contains, refers, or could lead to the disclosure of trade secret, proprietary, commercial, business, financial, or other information that that Party has an interest in protecting from unrestricted disclosure.

2. <u>Access To Confidential Material</u>.  In accordance with the limitations and procedures set forth below, access to the Confidential Discovery Material shall be limited to the following persons:

   a. Outside and in-house counsel for the Parties;
   b. associates, paralegals, secretaries, and other persons who are law partners of or are regularly employed by the outside attorneys, or are employed by the law firm where an outside attorney is employed or is "of counsel;"

    c.    any director or employee of a Party, but only to the extent deemed necessary by the attorneys for such Party for the prosecution or defense of this litigation;

    d.    representatives of the insurance companies for the Parties;

    e.    any potential witness, concerning a matter to which the Confidential Discovery Material refers and any counsel for such potential witness;

    f.    retained and non-retained experts;

    g.    any other persons upon the written agreement of the Parties or their counsel of record;

    h.    employees of attorney services or professional copy services retained by a counsel for one of the Parties;

    i.    any court reporter or videographer reporting a deposition;

    j.    the Court, if filed or lodged pursuant to paragraph 6 of this Protective Order; and

    k.    the jury.

3.    <u>Agreement By Persons Accessing Confidential Materials</u>.  Before disclosing any Confidential Discovery Material to those persons specified in paragraph 2(c)-(g), counsel shall first give a copy of this Protective Order to such persons who shall read the Protective Order and be fully familiar with the provisions hereof and agree to abide thereby.

4.    <u>Use of Information Subject to Protective Order</u>.  Use of any Discovery Material subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case or other litigation by or against the Parties (subject to the applicable rules of evidence and subject to the confidentiality of such materials being

maintained) and shall not be used by anyone subject to the terms of this Protective Order, for any business, commercial, or competitive purpose.

5. <u>Timing and Challenge to Confidential Designations</u>.  Any designation must be in writing or on the record of a deposition or made within ten (10) business days after receipt of the transcript, and, except as otherwise provided herein, must be made at the time of the production or disclosure of other Discovery Material.  For purposes of written or documentary Discovery Material, the designation shall be made by placing the words "Confidential" on the Discovery Material.  A Party who disagrees with a designation may challenge that designation by filing a motion with this Court in the District of Kansas.  The Parties and Third Parties agree that this Court shall have exclusive jurisdiction to hear and decide challenges to the Parties' and Third Parties' designation of Discovery Material, and the Parties and Third Parties waive any personal jurisdiction challenges they may have to this Court deciding designation issues.  In defending against a challenge of its designation, the Party or Third Party who designated the challenged Discovery Material "Confidential" shall have the burden of persuading the Court.  The Parties agree to abide by any designation until the matter is resolved by agreement of the Parties or by order of this Court.

6. <u>Filing with the Court</u>.  If portions of Discovery Materials deemed "Confidential" or any papers containing or making reference to such Discovery Materials are filed or lodged with the Court, the filing Party must seek leave to file under seal from the Court in compliance with Standing Order 07-3: In re Procedural Rules for Electronically Filing Documents Under Seal in a Civil Case.  Counsel for the Parties shall have the right to access the Court's files in this case, including Discovery Materials which have been designated Confidential.

7.      <u>Use of Confidential Discovery Material at a Deposition</u>.  At or within ten (10) business days after receipt of the transcript of the deposition of any Party, Third Party or witness in this case, if the questioning is such that the Party or Third Party determines that an answer to a question or a line of questioning discloses Confidential Discovery Material or information that could lead to the disclosure of Confidential Discovery Material, such Party or Third Party may designate that information Confidential.  Portions of the deposition that are so designated, including all video portions, shall be conducted so that only those persons duly authorized to have access to such Confidential Discovery Material are present.  Any transcript or videotape of a deposition in which Confidential Discovery Material is presented or is the subject on inquiry shall be separately bound or placed on a separate videotape, marked with the legend "Confidential Under Protective Order" or a similar legend, and shall not be disclosed to persons other than those persons duly authorized hereunder to have access, unless those questions or answers, or exhibits designated as Confidential have been removed from the copies.  A transcript or videotape containing Confidential Discovery Material that is to be filed with the Court shall be filed under seal in the manner described in paragraph 6.

8.      <u>Interrogatory Responses, Photocopies & Summaries of Confidential Material</u>.  Any interrogatory responses or responses to requests for admissions that are designated Confidential or Confidential by any Party shall be restricted and protected in the same manner as other Discovery Material designated as Confidential produced in this case.  Any copy made of such document or abstract, summary, or memorandum embodying information designated as Confidential pursuant to this Protective Order shall also conspicuously bear this legend on its face and every page.

9. <u>Pleadings and Briefs Containing Confidential Material</u>. Confidential Discovery Material subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked in the same manner as described in paragraph 6 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

10. <u>Court Hearing and Other Proceedings</u>. Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use before the Court any Confidential Discovery Material. However, before doing so, to the extent not otherwise authorized to be so used hereunder, the Party intending to use Confidential Discovery Material shall so inform the designating Party, and the designating Party may apply to the Court for appropriate protection.

11. <u>Third Parties</u>. If Discovery Material is requested from a third-party and such third party claims that certain of the Discovery Material requested is confidential or proprietary to such third party, such third party may, if it desires, adopt the benefits and burdens of this Order as it applies to Parties in this case by signing the Acknowledgement and Agreement Concerning Confidential Information, attached hereto as Exhibit A. As used throughout this agreement, any such third party signatory to this agreement is referred to as "Third Party" or "Third Parties."

12. <u>Client Counseling</u>. Nothing contained in this Protective Order shall bar or otherwise restrict the right of any of the counsel involved in this action from advising their clients with respect to this action or from doing anything necessary to prosecute or defend this case and further the interests of their clients, provided that absent a stipulation or Order of this

2924569v1

Court no attorney may disclose any Confidential Discovery Material in violation of this Protective Order.

13.     "Admissibility" of Confidential Material.  This Protective Order shall not constitute a waiver of any Party's or non-party's right to object to the admissibility into evidence of any Discovery Material as provided under federal law.  Nothing in this Protective Order shall prejudice any Party from seeking amendments to it broadening or restricting the rights of access to and use of Confidential Discovery Material, or other modifications (including more restrictive protection for certain confidential information which is not presently anticipated to be needed in this action), subject to order by the Court.  Nothing in this Protective Order shall abridge the rights of any Party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issues of the status of Confidential Discovery Material.

14.     All Objections Preserved.  This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential Discovery Material to which there is no objection other than confidentiality.  This Protective Order shall not prejudice the right of a Party to: (a) object to a request for discovery on any ground, (b) seek additional protective treatment for any such information, (c) object to the designation of any Discovery Material as Confidential, or (d) seek any modification of or relief from any provision of this Protective Order, either generally or as to any particular Discovery Material, by properly noticed motion with notice to all Parties and their respective counsel.  In accordance with Federal Rule of Civil Procedure 26, the designating Party shall have the burden of establishing that the Discovery Material is confidential.

15. <u>Meet and Confer</u>.  Prior to filing any motion or application before the Court to enforce this Protective Order or to challenge the designation of Confidential Discovery Material, the moving Party shall notify the responding Party in writing and meet and confer in good faith pursuant to L.R. 37.2 in an attempt to resolve their dispute(s).

16. <u>Injunctive Relief</u>.  In the event anyone violates or threatens to violate any of the terms of this Protective Order, the Parties and Third Parties agree that the aggrieved Party or Third Party may, subject to the "meet and confer" requirement set forth above, apply to the Court to obtain injunctive relief against any such Party or Third Party violating or threatening to violate any of the terms of this Protective Order.  The Parties and Third Parties agree that the Court shall retain jurisdiction over them for the purpose of enforcing the Protective Order.  The Parties and Third Parties shall not use or reveal, directly or indirectly, any information in violation of this Protective Order.  The Parties and Third Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

17. <u>Return of Confidential Material</u>.  Upon the request of the designating Party, within sixty (60) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the Parties to resolve amicably and settle this case, the discovering Party(ies) or in-house or outside counsel and any person authorized by this Protective Order to receive confidential information shall return to every other designating Party or destroy, as directed by the designating Party, all information and documents subject to this Protective Order, any copies thereof, and any other writing containing or referring to any Confidential Discovery Materials.  Returned Confidential Discovery Material shall be delivered in sealed envelopes marked "Confidential" to the Parties' respective counsel.  However, counsel of record shall be entitled to retain a copy of such Discovery Material in order to preserve a

litigation file in this case. Confidential Discovery Material in such litigation file shall be disclosed only in accordance with the terms of this Protective Order.

18.     <u>Inadvertent Disclosure</u>.  The inadvertent failure to designate Discovery Material as Confidential, prior to or at the time of disclosure shall not operate as a waiver of the producing Party's or Third Party's right to later designate said Discovery Material as Confidential.  There shall be no liability by the receiving Party or their counsel for disclosure of such allegedly Confidential Discovery Material during the time period before a claim of confidentiality is made by the producing Party or Third Party to the receiving Party or their counsel.

19.     <u>Inadvertent Disclosure of Discovery Materials Subject to Privilege.</u>The inadvertent production of Discovery Materials shall not be deemed a waiver or impairment of any claim of protection from of any such Discovery Materials.  Upon receiving notice from a producing Party that privileged Discovery Material was inadvertently produced, the receiving Party shall review the Discovery Material to determine if the receiving Party agrees that the Discovery Material is privileged and that the disclosure was inadvertent.  If the receiving Party agrees that the Discovery Material may be privileged and that the disclosure may have been inadvertent, all such Discovery Material shall be promptly returned to the producing Party upon request.  A Party's return of the alleged privileged Discovery Material shall not be construed as an acknowledgement or admission that the Discovery Material is, in fact, privileged or that the disclosure was, in fact, inadvertent.  If, after reviewing the Discovery Material, the receiving Party reasonably and in good faith believes that the Discovery Material is not privileged, or that the disclosure was not inadvertent, the receiving Party shall so notify the producing Party in writing.  Thereafter, the producing Party may file a motion seeking the return of the Discovery Material the producing Party believes to be privileged and to have been inadvertently produced.

In resolving such disputes, the burden of persuasion that the Discovery Material is privileged and was inadvertently produced shall remain with the Party that produced the Discovery Material. Pending resolution of such a dispute by the Court, the Discovery Material shall be treated as privileged.

20. <u>Disclosure to Unauthorized Persons</u>.  If Discovery Material subject to this Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, without authorization by the designating Party or Third Party, or other than in the manner authorized by this Protective Order, the Party responsible for the disclosure shall immediately (a) inform the designating Party or Third Party of all pertinent facts relating to such disclosure, including without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed Discovery Material and all copies thereof; (c) advise the recipient of the improperly disclosed Discovery Material, in writing, of the terms of this Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order in the form of the declaration attached hereto as Exhibit A; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the protected Discovery Material.

21. <u>Amendment of Protective Order</u>.  This Protective Order may be amended without leave of Court by the written agreement of counsel for the Parties in the form of a stipulation that shall be filed in this case; provided, that any such stipulated amendment does not impose any additional burdens on the Court.

22. <u>Jurisdiction For Enforcement</u>.  This Protective Order is intended to regulate the handling of confidential Discovery Material during the entirety of this case through appeal, and

thereafter, and shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the Parties or by Order of the Court.  A Party may seek leave from the Court following the final disposition of this case for the Court to reopen the case to the extent necessary to retain jurisdiction for the purpose of enforcing the terms of this Agreed Protective Order or redressing any violation thereof.

23. <u>Clerk Authorized to Show This Order</u>.  The Clerk is authorized to show a copy of this Protective Order to anyone desiring access to any of the papers of this suit and is ordered to deny access to all papers filed with the Court pursuant to paragraph 6 of this Protective Order.

**IT IS SO STIPULATED.**

| | |
|---|---|
| RENDER KAMAS, L.C. | SHOOK, HARDY & BACON L.L.P. |
| By: ___/s/ Steve Smith_____<br>    Steven R. Smith #09690 | By: ___/s/ Lori R. Schultz_____<br>    Lori R. Schultz, KS #13446<br>    Danielle L. Mau, D. Kan. #78054 |
| 345 Riverview, Suite 700 – P.O. Box 700<br>Wichita, Kansas 67201-0700<br>Telephone: (316) 267.2212 | 2555 Grand Blvd.<br>Kansas City, Missouri 64108-2613<br>Telephone: (816) 474.6550<br>Facsimile: (816) 421.5547 |
| Eldon J. Shields<br>Gates, Biles, Shields & Ryan, P.A.<br>Suite 200, 10990 Quivira Road<br>Overland Park, Kansas 66210<br>Telephone: (913) 661.0222 | ATTORNEYS FOR CONOCOPHILLIPS<br>COMPANY |
| ATTORNEYS FOR BADWEY OIL, INC. | |

**IT IS SO ORDERED.**

DATED: May 19, 2008.                    __s/ DONALD W. BOSTWICK_____
                                          The Honorable Donald W. Bostwick
                                          United States Magistrate Judge

2924569v1

**ACKNOWLEDGEMENT AND AGREEMENT CONCERNING**
**CONFIDENTIAL INFORMATION**

I, the undersigned, _____, hereby acknowledge that I have read the attached AGREED PROTECTIVE ORDER ("Protective Order") in the United States District Court for the District of Kansas, in the action entitled Badwey Oil, Inc. v. ConocoPhillips Petroleum Co., Civil Action No. 07-CV-1353 (the "Action") and I understand the terms thereof and agree to be bound thereby.

I further acknowledge that I understand that Discovery Material produced in this Action (i.e., documents, testimony, written discovery responses, and other information provided in the course of pretrial discovery and any information contained therein or derived therefrom) and designated "Confidential" may not be disclosed to anyone, except as authorized by the Protective Order, and may not be used for any purpose other than the purposes of this Action.

I understand that violation of the Protective Order can result in civil liability and/or a finding of contempt of court. I further agree to submit to the jurisdiction of the United States District Court for the District of Kansas, or such other federal district court where this case may be transferred, for the resolution of any disputes concerning information received in the Action.

Dated:_____        _____
                                                                       [signature of individual]

**EXHIBIT A**

2924569v1